RECEIVED
IN LAKE CHARLES, LA

JAN - 7 2009

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20152 |
| VS. | : | JUDGE MINALDI |
| MELCHISDECH J. GREEN | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Presently before the court is the defendant's Motion to Vacate, Set Aside or Correct Sentence [doc. 53]. This motion is untimely.

28 U.S.C.A. §2255(f)(1) provides Green with a one-year period in which to file his motion, running from "the date on which the judgment of conviction becomes final."[1] A conviction becomes final once the time for filing a direct appeal has expired.[2]  The judgment was issued on May 25, 2006 [doc. 44]. The defendant had ten days, exclusive of weekends and holidays, from the date of judgment to file a direct appeal, or until June 8, 2006. No direct appeal was filed. Green then had one year, or until June 8, 2007, within which to file a §2255 motion.[3] This §2255 motion was filed December 21, 2009, and is untimely. Accordingly,

---

[1] There are three other grounds under § 2255 that can trigger the running of the one-year limitations period, but none of those grounds applies. See 28 U.S.C. § 2255(f)(2)-(4).

[2] *Akins v. United States,* 204 F.3d 1086, 1089 n. 1 (11th Cir.2000); *Brown v. United States,* 318 Fed.App'x. 749, 750 (11th Cir. 2008).

[3] On May 29, 2007, Green filed a Motion for an Extension of Time to file his §2255 motion. This motion was denied [doc. 49] on June 7, 2007. Green filed a motion to reconsider [doc. 51] on July 2, 2007, which was denied on August 6, 2007 [doc. 51].

IT IS ORDERED that the defendant's Motion to Vacate, Set Aside or Correct Sentence [doc. 53] is DENIED as time-barred.

Lake Charles, Louisiana, this ___7___ day of  January, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

2