UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | : | **CASE NO. 2:04-cr-20152** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **MELCHISDECH GREEN**<br>B.O.P. # 12581-035 | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Reduce Sentence [doc. 69] filed by defendant Melchisdech Green ("Green"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

Green was convicted in this court, pursuant to a plea agreement accepted on January 20, 2006, of one count of possession of a firearm during commission of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1), and one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).[1] *See* doc. 39; doc. 39, att. 3. As a result of the plea agreement the remaining nine counts of the superseding indictment were dismissed at the government's motion. Doc. 44. Green was then sentenced to respective terms of imprisonment of 60 months and 180 months, to run consecutively. *Id.*

---

[1] The stipulated factual basis for his guilty plea provided that Green had been convicted of four counts of distribution of cocaine in 1994. Doc. 39, att. 2, p. 2. On May 15, 2004, he was detained as part of a traffic stop, during which officers uncovered marijuana and large sums of money in the vehicle and on Green's person. *Id.* at 1–2. The money was identified as proceeds of drug trafficking. *Id.* Subsequent investigation uncovered that Green had rented a storage locker, where he kept additional money, marijuana, a money counter, an electric scale, and a Taurus .38 caliber revolver. *Id.* at 2.

Green subsequently filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which was denied as untimely. Docs. 53, 54. He sought review [*see* doc. 55] in the United States Fifth Circuit Court of Appeals, which ultimately denied his motion for a certificate of appealability. Doc. 65. He now brings this motion, asking "that the Court's discretion be exercised to reduce [his] sentence" through the "Holloway Doctrine."[2] Doc. 69.

## II.
### LAW & ANALYSIS

### A. *Jurisdiction to Resentence*

As a decision from the Eastern District New York, *Holloway* has no binding effect on this court. Furthermore, that decision "did not conclude or even suggest that [the court has] unilateral discretion to reduce the defendant's sentence."[3] *United States v. Ledezma-Rodriguez*, 2017 WL 1368983, *2 (S.D. Iowa Apr. 10, 2017). Where the Bureau of Prisons has not requested such modification, the district court may only modify a sentence (1) to the extent that it is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure,[4] or (2) where the defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. *Esquivel v. United States*, 2012 WL 5364694, *1 (N.D. Tex. Sep. 28,

---

[2] *United States v. Holloway*, 68 F.Supp.3d 310 (E.D.N.Y. 2014), involved a defendant who had stolen three cars at gunpoint during a two-day span in 1994. *Id.* at 312. The government brought charges for each carjacking, with each of these accompanied by a firearms charge under 18 U.S.C. § 924(c). *Id.* The defendant rejected an offer to plead guilty to all of the carjackings and just one firearms violation, under which he would face a sentencing range of 130 to 147 months. *Id.* at 312. Following a trial, he was convicted of all three firearms charges and all three carjacking charges. *Id.* He was then sentenced to a prison term of nearly sixty years, largely because of § 924(c)'s requirement of mandatory consecutive sentences for multiple violations. *Id.* at 312–13.

Years later, Holloway moved under Federal Rule of Civil Procedure 60(b) to reopen a prior § 2255 proceeding in order to seek reduction of his sentence. *Id.* at 314–15. The court granted the motion, finding that there were "good reasons to revisit Holloway's excessive sentence but no legal avenues or bases for vacating it," and issued an order requesting that the government consider agreeing to an order to vacate two or more of the § 924(c) convictions. *Id.* The government ultimately withdrew its opposition, and two of the § 924(c) convictions were then vacated, authorizing the trial court to reduce the sentence by more than 30 years. *Id.* at 314–16.

[3] "Rather, it was the Government's decision to not oppose Holloway's motion . . . that permitted the [c]ourt to address the perceived injustice." *United States v. Robinson*, 2017 WL 3434289, *4 (D. Md. Aug. 9, 2017). The government specifically cautioned in *Holloway* that its lack of opposition to that case "[should not] be interpreted as reflecting a broader view of Section 924(c) generally or its application to other cases." 68 F.Supp.3d at 315.

[4] Under Rule 35, the district court may modify a sentence (1) within fourteen days of sentencing to correct clear error or (2) on the government's motion, based on substantial assistance rendered by the defendant. FED. R. CRIM. P. 35.

2012) (citing 18 U.S.C. § 3582). Neither of these circumstances applies, and so this court lacks jurisdiction to modify Green's sentence.

### B. Relief through § 2255

Even if the court considered Green's motion to be a § 2255 motion or a request to reopen his previous § 2255 motion, he still does not show any avenue to this court's jurisdiction over his claim. Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). To the extent that Green might be seeking, as the defendant did in *Holloway*, to have this court reopen his prior § 2255 motion under Federal Rule of Civil Procedure 60(b), he is not entitled to relief. This circuit is clear that "[a] Rule 60(b) motion filed in a collateral proceeding should be construed as a successive § 2255 motion, even where the motion seeks to raise a claim based on a change in the law."[5] *United States v. Bell*, 369 Fed. App'x 610, 611 (5th Cir. 2010) (per curiam) (unpublished).

"Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from [the Court of Appeals] for the district court to consider the movant's successive § 2255 motion." *In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000). Generally, a § 2255 motion is not regarded as second or successive unless the prior motion was adjudicated on the merits. *See United States v. Byrd*, 2016 WL 6538506, *2 (W.D. La. Oct. 3, 2016) (citing *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999)). When a § 2255 motion is dismissed as untimely, however, such dismissal operates as an adjudication on the merits. *Id.* at *1.

---

[5] A 60(b) motion on a § 2255 proceeding is not successive if it challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *In re Hartzog*, 444 Fed. App'x 63, 65 (5th Cir. 2011) (citing *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005)). Green makes no such accusation here.

Green's prior § 2255 motion was dismissed as untimely, and so to the extent he would seek relief through § 2255 here, his motion would be successive. He has not obtained authorization from the Fifth Circuit for filing such a motion. It is within this court's discretion to determine whether a second or successive § 2255 motion, filed before leave of the circuit court has been obtained, should be dismissed for lack of jurisdiction or transferred to the circuit court for authorization. *Hartzog*, 444 Fed. App'x at 65. As it is not clear that Green even intends to seek relief through § 2255, the matter should be dismissed.

### III.
#### CONCLUSION

For reasons stated above, this motion should be **DENIED** and the claim raised herein **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 59(b) of the Federal Rules of Criminal Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE