UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:04-CR-20152-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MELCHISDECH J GREEN (01)** | **MAGISTRATE JUDGE WILSON** |

### ORDER

Before the Court is an "Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. 74) wherein Defendant, Melchisdech Green, through counsel, seeks a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018,  Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).  Specifically, due to his current health condition and concerns regarding COVID-19 in the prison facility, Green requests that his sentence be either modified to a sentence of home confinement or imprisonment of time-served, or alternatively, a sentence of time-served followed by a term of supervised release not to exceed the balance of his original prison sentence. The Government opposes the modification of sentence for failure to exhaust an administrative remedy for compassionate release.  Defense counsel informed the Court that subsequent to the filing of this motion, the Bureau of Prisons released Green to home confinement. However, the Court can still consider whether to reduce Green's sentence to time-served, followed by a term of supervised release.

Green was indicted in a thirteen (13) count indictment charging him with drug trafficking and firearms charges. He pled guilty to possession of a firearm during and in

furtherance of a drug trafficking crime and being a felon in possession of a firearm, in violation of 18 U.S.C. § § 924(c)(1)(A). On May 19, 2006, he was sentenced to a term of 240 months in prison followed by five (5) years supervised release.

The Presentence Investigation Report indicated that Green have previously been convicted of four (4) counts of distribution of cocaine.  He was later stopped for a traffic violation and found to be in possession of ecstasy, marijuana, two firearms, and approximately $12,500 cash.  A search of his residence was conducted wherein marijuana and cocaine were discovered.  A search of his storage locker uncovered more marijuana, ecstasy, Xanax, a firearm and $26,250 cash.

After receiving information from a cooperating witness, law enforcement uncovered over a kilogram of marijuana, a bullet resistant vest, three (3) firearms, and a black ski mask, all of which belonged to Green. Subsequent to that discovery, law enforcement searched Green's mother's house where he lived and found approximately one half of one kilogram of marijuana and a stolen firearm in his room.

## LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010).  Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure,

18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement."[1] U.S.S.G. § 1B1.13.

---

[1] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[2] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified:

---

[2] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

The Government argues that Green's motion must be denied for failure to exhaust his administrative remedies. Green did not seek an administrative remedy with the Bureau of Prisons for a sentence reduction. In *United States v. Franco,* ___ F.3d ___, 2020 WL 5249369 (5th Cir. 2020), the Fifth Circuit addressed the nature of § 3582(c)(a)(A)'s exhaustion requirement. Even though the Fifth Circuit court rejected the suggestion that the exhaustion requirement was jurisdictional, it held that it was a "paradigmatic mandatory claim-processing rule" that must be enforced. *Id.* at *2. Accordingly,

**IT IS ORDERED** that the motion for a reduction in sentence is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 25th day of November, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**